# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JEROME DUNSON, SR.,**  *Plaintiff,*  v.  **GREGORY SAMPSON,** *et al.,*  *Defendants.* | **CIVIL ACTION NO.  5:22-cv-00319-TES-CHW** |

## ORDER OF DISMISSAL

On November 3, 2022, Defendants filed a Suggestion of Death [Doc. 4] noting the death of Jerome Dunson, Sr., the plaintiff in the above-captioned case. [Doc. 4, p. 1]. The "relevant" procedural rule in light of Defendants' Suggestion of Death has to be Federal Rule of Civil Procedure 25. Here's its pertinent text:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days *after service of a statement noting the death*, the action by . . . the decedent *must* be dismissed.
>
> . . .
>
> A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. *A statement noting death must be served in the same manner.*

Fed. R. Civ. P. 25(a)(1) and (3) (emphasis added).

Since "nonparties cannot mean 'every person in the United States who happens not to be a party to the lawsuit in question[,]'" the Eleventh Circuit—relying on Rule 25's plain text—has held that "the decedent's 'successor[s]' or 'representative[s]' [are] the only nonparties who may move for substitution." *Silas v. Sheriff of Boward Cnty.*, 55 F.4th 872, 876 (11th Cir. 2022) (quoting *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008)). Thus, Rule 25 permits dismissal of a case "if no one moves to substitute a proper party for the decedent 'within 90 days *after service of a statement noting the death*'" on the other parties and the decedent's "successors or representatives." *Silas*, 55 F.4th at 874 (quoting Fed. R. Civ. P. 25(a)(3)) (emphasis added).

At the time they filed the Suggestion of Death, Defendants stated that they had "no information of the creation of any estate or estate representative." [Doc. 4, p. 1]. Nevertheless, the record shows that Defendants personally served Plaintiff's brother, Benjamin Michael Dunson, on November 8, 2022. [Doc. 8-5, p. 1]; [Doc. 8, p. 1]. But it is of no consequence that they personally served Benjamin because "the decedent's surviving family members do not need to be served with a suggestion of death unless they represent the decedent's estate." *Silas*, 55 F.4th at 876.

"[W]hen no successor or personal representative exists, a party complies with Rule 25(a)(1)'s requirement to serve the notice of death [just] by serving the other parties, since no 'nonparties,' as Rule 25(a) defines the term, exist." *Silas*, 55 F.4th at 878 (Rosenbaum, J., concurring). Here, Defendants complied with Rule 25(a)(1) when they

filed the Suggestion of Death. Specifically, they undoubtedly satisfied the service requirement of "other parties" in Rule 25 because they are the only "other parties" in the suit, and they didn't have to comply with the nonparty portion of Rule 25 because Plaintiff had no "successor or personal representative."

Because 90 days elapsed after the service of the Suggestion of Death on the other parties without a motion to substitute a proper party for Plaintiff, the Court **DISMISSES** this case under Federal Rule of Civil Procedure 25(a)(1). Should a Georgia Probate Court ultimately appoint a personal representative for Plaintiff's estate, that personal representative would have the potential benefit of the Georgia tolling statute, O.C.G.A. § 9-3-92.

**SO ORDERED**, this 24th day of February, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
